A95A2331. THE STATE v. WILSON et al.
(469 SE2d 804)

RUFFIN, Judge.

The State appeals the trial court's dismissal of aggravated assault charges against Dolphus Wilson, Sr. and Dolphus Wilson, Jr. because venue was improper.

The altercation giving rise to the charges against the Wilsons occurred on a bridge that spanned the St. Marys River, which separates Charlton County, Georgia and Nassau County, Florida. The only material conflict in the evidence relevant to the question of venue was where on the bridge the fight occurred. At the hearing on the motion to dismiss, the victim testified that the fight occurred approximately 50 feet from the Georgia side of the bridge. Dolphus Wilson, Sr. testified that the fight took place on the Florida side of the bridge, on the spot where the victim's hat was discovered after the fight. Wilson referenced the hat's location by counting the lines in the pavement on the bridge. According to Wilson, the hat, and therefore the fight, was located 14 veins from the Florida side and 12 veins from the Georgia side. Using a certified Georgia Department of Transportation plat of the bridge, Wilson identified the location of the fight on the bridge plat by counting the corresponding veins. The plat was admitted without objection but was not transmitted with the record on appeal. At the end of the hearing, however, it appears that with the aid of the plat, Wilson's attorney pointed out to the trial court that the location Wilson identified was in Nassau County above dry land. Counsel argued that if the fight had occurred immediately below the bridge, in the same spot, venue and jurisdiction would unquestionably lie in Nassau County, Florida. The trial court then granted the motion to dismiss due to improper venue.

The State contends that because the offense was committed on a

Georgia boundary, OCGA § 17-2-3 dictates that proper venue is in Charlton County. The State also argues that OCGA § 17-2-2 (g), the venue provision applicable to crimes committed on water boundaries, makes no distinction between crimes occurring closer to one river bank than another on rivers which separate Georgia from neighboring states. The State maintains that as long as the victim was beaten anywhere on the river, venue lies in Charlton County and that merely elevating the fight onto a bridge over the river should not change venue.

"Determinations of fact, including credibility issues are questions which must be resolved by the fact finder, and appellate courts must accept such determination on review unless they are clearly erroneous. [Cit.]" *Presley v. State*, 177 Ga. App. 611, 613 (1) (340 SE2d 253) (1986). The evidence authorized a finding that the fight occurred on a portion of the bridge which is over land and within the state of Florida. Under these circumstances, we cannot say that the trial court clearly erred in dismissing the charges against the Wilsons due to improper venue.

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED MARCH 8, 1996.

*Richard E. Currie, District Attorney, Alexander J. Markowich, Assistant District Attorney*, for appellant.
*Randall C. Sorenson, Nelson Dupree*, for appellees.