Arthur P. Tranakos, *pro se*.

## A96A0848. PRATER v. THE STATE.
### (474 SE2d 684)

Judge Harold R. Banke.

In 1972, Charles Baxter Prater pleaded guilty to two counts of theft by receiving stolen property and one count of theft by taking. In 1995, he filed a motion to correct clerical errors in the court's records, seeking an order stating that the sentences he received in 1972 were imposed under the First Offender Act, OCGA § 42-8-60, and he had been discharged on each count without an adjudication of guilt. Nearly ten months after the court granted the ex parte motion, the State filed a "motion to set aside defendant's motion to correct clerical errors in the court's records." After all the superior court judges in the circuit recused themselves, a judge from outside the circuit conducted a hearing and granted the State's motion, nullifying the ex parte order. Prater appeals this order, enumerating four errors.

Prater's status as a first offender became significant in 1994 after a federal magistrate issued a search warrant on Prater's home authorizing the seizure of firearms illegally in his possession as a convicted felon.[1] In petitioning for the return of the seized items, Prater argued that he was not a convicted felon.

Prater then filed the motion at issue in this case, seeking to correct purported "clerical errors" which he claimed were made over 22 years earlier. Specifically, the motion sought an order stating that each of his three 1972 felony sentences was entered under the First Offender Act. He supported the motion with an affidavit he obtained in 1994 from the sentencing judge, Robert Scoggins, who attested that Prater had received first offender treatment and was discharged without an adjudication of guilt.

---

[1] The State avers without evidentiary support that Prater was indicted in federal court on charges of being a convicted felon in possession of firearms.

Prater also attached copies of the 1972 sentences. Each sentence was on two forms. The first was styled "Felony Sentence." It imposed a two year sentence, which could be served on probation upon payment of a fine at a specified monthly rate. The second form was entitled, "Sentence of Probation (Felony or Misdemeanor and First Offender)." Only one paragraph on this form specifically addressed the First Offender Act. It stated in pertinent part, "Whereupon, it is ordered and adjudged by the Court that the defendant serve _____ (years-months) upon probation. This sentence is imposed with defendant's consent under the provisions of the Act for Probation of First-Offenders." The time to be served on probation was left blank on Prater's form. However, in separate paragraphs, this form reflected a sentence of two years confinement and ordered Prater to pay a fine at a specified monthly rate. Prater's motion also included a copy of a 1974 order which "released and forever discharged [him] from said sentence and probation."

Superior Court Judge Larry Salmon granted Prater's ex parte motion several days after its filing. Judge Salmon was the district attorney in 1972 when Prater was sentenced, although he did not personally prosecute Prater.

Months after Judge Salmon entered this ex parte order, at the request of the United States Attorney, the State filed its motion to set aside defendant's motion, arguing that it contested the facts presented to Judge Salmon. At the motion hearing, the sole witness, Judge Scoggins, testified that he signed the affidavit in haste without reading the entire file and had he known of the federal proceedings against Prater, he would not have signed the affidavit without investigating the matter further.[2] Judge Scoggins also admitted that he lacked a distinct or independent memory of Prater's pleas taken 22 years earlier. Nevertheless, Judge Scoggins reaffirmed his initial opinion that he had sentenced Prater as a first offender, despite his observation that nothing on the order terminating Prater's probation reflected an adjudication under the First Offender Act. The State argued that Judge Salmon's order was a nullity because he had been district attorney when the sentence was entered.

The trial court determined that (1) Judge Salmon's order was a nullity and (2) the written record failed to show that Prater had been sentenced under the First Offender Act. The court then set aside the order and reinstated Prater's 1972 sentences, specifying that they were outside the purview of the First Offender Act. *Held*:

This State's rules of criminal procedure require the service of

---

[2] However, the federal proceedings are mentioned on the face of Judge Scoggins' affidavit.

every written motion on each party absent authority for an ex parte hearing. OCGA § 17-1-1 (a). No such authority is present in this case and the State was a proper party. See *Ambles v. State*, 259 Ga. 406 (1) (383 SE2d 555) (1989). Prater's failure to comply with § 17-1-1 (a)'s mandate spawned the resulting procedural morass confronting us.

In civil cases, orders improperly rendered without notice or the opportunity to be heard are "nugatory" or a nullity. *Stamm & Co. v. Boaz Spinning Co.*, 129 Ga. App. 779, 780 (2) (201 SE2d 480) (1973). In the instant context, the State's interest in this proceeding is at least as great as that of parties to a civil action. See *Ambles*, 259 Ga. at 406-407. Accordingly, under the circumstances of this case, we find that Prater's failure to comply with OCGA § 17-1-1 (a), thereby providing the State with notice and an opportunity to be heard on this matter, renders Judge Salmon's ex parte order a nullity.[3]

In light of this finding and notwithstanding Prater's unsupported argument to the contrary, nothing prevented the trial court from reaching the merits of this matter. What Prater characterized as merely a "clerical error" was in truth a factual dispute as to whether Prater received first offender treatment over 22 years before. The State's motion, despite its label, raised evidentiary questions which the trial court properly addressed. " '[T]he law favors reaching the merits of disputes.' [Cits.]" *Pinehurst Baptist Church v. Murray*, 215 Ga. App. 259, 263 (2) (450 SE2d 307) (1994).

In the evidentiary hearing, the State offered a guilty plea form indisputably entered under the First Offender Act a week prior to the entry of Prater's pleas. The undisputed plea was entered on a form entitled "Sentence of Probation (Felony or Misdemeanor and First Offender)," the same pre-printed form used for Prater's pleas. As noted, this form included a paragraph imposing first offender treatment which left a blank space where the defendant's specific term of probation under the First Offender Act was to be entered. On Prater's form the space remained blank. In contrast, on the undisputed example, this space was filled in with the specific term of probation the defendant was required to serve, evidence that the First Offenders provision on this form applied and that the same provision on Prater's form was not activated. Moreover, in the undisputed example, this form was attached to another form styled "First Offender Sentence." In contrast, the additional form used for Prater's pleas was styled "Felony Sentence." Further, the order discharging Prater from his sentence and probation failed to indicate that he was

---

[3] We also note that Judge Salmon's participation in this action was inappropriate under OCGA § 15-1-8 (a) (3) which prohibits judges from sitting in any case or proceeding in which they have been of counsel. *King v. State*, 246 Ga. 386, 389 (7) (271 SE2d 630) (1980); compare *Wood v. Clarke*, 188 Ga. 697, 698-699 (4 SE2d 659) (1939).

discharged "without adjudication of guilt," a phrase which would have reflected his first offender status. In light of this evidence, the trial court's factual determination that Prater's pleas were not entered under the First Offender Act was not clearly erroneous. See *State v. Wilson*, 220 Ga. App. 538, 539 (469 SE2d 804) (1996). This evidence and the fact that Judge Scoggins had no independent recollection of Prater's pleas precludes a finding of ambiguity in the sentence and the concomitant application of the rule of lenity. We reject Prater's contention that the Civil Practice Act bars the State's motion in this criminal proceeding. In light of the foregoing analysis, we need not reach Prater's remaining enumerations.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED AUGUST 14, 1996 — 

*Garland, Samuel & Loeb, Edward T. M. Garland*, for appellant.
*Stephen F. Lanier, District Attorney*, for appellee.