A96A1010. IN THE INTEREST OF L. N. M., a child.
(474 SE2d 762)

BLACKBURN, Judge.

L. N. M. appeals the trial court's adjudication of her as a delinquent for violating OCGA § 16-11-127.1.

It is not disputed that L. N. M. brought an instrument to school described as a "silver retractable razor blade" or a utility knife with a blade less than three inches long. The sole issue on appeal is whether the instrument she brought to school fell within the definition of a weapon pursuant to OCGA § 16-11-127.1.

OCGA § 16-11-127.1 (a) (2) defines "weapon" to include "any pistol, revolver, or any weapon designed or intended to propel a missile of any kind, or any dirk, bowie knife, switchblade knife, ballistic knife, any other knife having a blade of three or more inches, straight-edge razor, spring stick, metal knucks, blackjack, any bat, club, or other bludgeon-type weapon, or any flailing instrument consisting of two or more rigid parts connected in such a manner as to allow them to swing freely, which may be known as a nun chahka,

nun chuck, nunchaku, shuriken, or fighting chain, or any disc, of whatever configuration, having at least two points or pointed blades which is designed to be thrown or propelled and which may be known as a throwing star or oriental dart, or any weapon of like kind, and any stun gun or taser as defined in subsection (a) of Code Section 16-11-106." The State asserted that the instrument herein involved fell under the straight-edge razor designation.

" 'It is an elementary rule of statutory construction that, absent clear evidence to the contrary, words should be assigned their ordinary, logical, and common meaning.' " *Fields v. State*, 216 Ga. App. 184, 186 (453 SE2d 794) (1995). The term razor is defined in Webster's Third New International Dictionary as "a keen-edged cutting instrument made with the cutting blade and handle in one (as a straight razor) or with the cutting blade inserted into a holder (as a safety razor or electric razor) and used chiefly for shaving or cutting the hair." It is clear that a utility knife is a "keen-edged cutting instrument" made either with a connected handle or with a razor inserted into a holder. From the testimony describing the instrument, it is evident that the razor had a straight edge as listed in the applicable Code section. The positioning of the handle on the straight-edged razor, whether it folds over the razor or allows the razor to slide into the holder, is of little significance to whether the instrument is a weapon pursuant to OCGA § 16-11-127.1 (a) (2) because the instrument has a razor with a straight edge.

"We have recognized that mathematical certainty is not necessary in statutes. A criminal statute is sufficiently definite if its terms furnish a test based on knowable criteria which men of common intelligence who come in contact with the statute may use with reasonable safety in determining its command. In addition, the statute must be read as a whole, each phrase or word in conjunction with the other in order to determine the scope of prohibited activity." (Citations and punctuation omitted.) *Dorsey v. State*, 212 Ga. App. 830, 831 (442 SE2d 922) (1994).

Whether the silver retractable razor blade met the definition set forth in OCGA § 16-11-127.1 (a) (2) was a question for the finder of fact. Cf. id. Furthermore, "[d]eterminations of fact . . . are questions which must be resolved by the fact finder, and appellate courts must accept such determination on review *unless* they are *clearly erroneous*." (Punctuation omitted; emphasis supplied.) *State v. Wilson*, 220 Ga. App. 538, 539 (469 SE2d 804) (1996).

We cannot say that the trial court erred in finding that the retractable razor blade at issue was one which was prohibited by OCGA § 16-11-127.1. As the trial court's determination is not clearly erroneous, L. N. M.'s adjudication as a delinquent is correct.

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED AUGUST 22, 1996.

*Twitty & Bankston, Michael L. Bankston*, for appellant.
*Robert E. Hughes*, for appellee.