S98A0144. IN RE R. B. W., a child.

(500 SE2d 573)

HINES, Justice.

R. B. W. was alleged to be delinquent for violating OCGA § 16-11-127.1 by carrying a knife while on a school bus. R. B. W. moved to dismiss the petition. Based on stipulated facts, the motion was denied and R. B. W. was adjudicated delinquent.

In order to support an adjudication of delinquency, the evidence must be such that a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the act charged. *In the Interest of R. L. W.,* 225 Ga. App. 253 (483 SE2d 361) (1997); see *Jackson v. Virginia,* 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

The delinquency petition describes the knife simply as "an art or craft knife." The factual stipulation states that the knife has "a long, narrow, cylinder-like handle with a blade at the end that is less than 3 inches long. The blade is similar to the type of blade that exists upon a box cutter or an exacto [sic] knife." OCGA § 16-11-127.1 (a) (2) defines a knife to be a weapon within the meaning of the statute if it is a "dirk, bowie knife, switchblade knife, ballistic knife, [or] any other knife having a blade of three or more inches."[1] There is no evidence that this art knife falls into any of those categories except that of "other knife." As it is stipulated that the knife's blade is under three inches, it does not meet the definition of a "knife having a blade of three or more inches," and possessing such a knife is not proscribed under OCGA § 16-11-127.1 (a) (2). Accordingly, it was error to adjudicate the juvenile delinquent based on possession of this knife.[2]

*Judgment reversed. All the Justices concur.*

---

[1] This is not a case in which the State argues that a knife with a blade under three inches in length is nonetheless a "straight-edge razor" within the meaning of OCGA § 16-11-127.1 (a) (2); both the petition and stipulation of facts refer to the object only as a knife. Compare *In the Interest of L. N. M.,* 222 Ga. App. 589 (474 SE2d 762) (1996).

[2] Because of our ruling on the sufficiency of the evidence, we need not address the challenge to the constitutionality of OCGA § 16-11-127.1.

DECIDED MAY 18, 1998.

*Strauss & Walker, John L. Strauss, John T. Strauss,* for appellant.

*Tommy K. Floyd, District Attorney, Gail M. Travillian, Assistant District Attorneys,* for appellee.