545 S.E.2d 688 (2001)
248 Ga. App. 241
In the Interest of A.M., a child.
No. A01A0745.
Court of Appeals of Georgia.
February 22, 2001.
Thomas F. Jones, John A. Pickens, Atlanta, for appellant.
Robert E. Keller, Dist. Atty., R. Christopher Montgomery, Jr., Mira H. Emmett, Asst. Dist. Attys. for appellee.
PHIPPS, Judge.
A delinquency petition charged 12-year-old A.M. with committing aggravated battery and aggravated assault by repeatedly stabbing a classmate. A.M. also was charged with carrying a weapon on school property in violation of OCGA § 16-11-127.1. The juvenile court adjudicated A.M. delinquent for carrying a weapon on school property and committing aggravated battery, and sentenced her to restrictive custody under OCGA § 15-11-63. A.M. contends that the court erred in denying her motion for directed verdict as to both offenses, because the evidence established that she was acting in self-defense and was insufficient to show that she possessed a "weapon" as defined in OCGA § 16-11-127.1(a)(2). A.M. also charges the court with error in imposing a *689 sentence of restrictive custody. We find no merit in any of these claims of error and affirm.
1. As to A.M.'s claim of self-defense,
a person is justified in using force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent death or great bodily injury to himself or a third person or to prevent the commission of a forcible felony.[1]
"Where a juvenile is charged with an offense which for an adult would be a crime, the standard of proof in the lower court is `beyond a reasonable doubt.' [Cits.] On appeal we thus apply the rule of Jackson v. Virginia,[2] which is whether a rational trier of fact could reasonably have found from the evidence presented proof that the juvenile committed the offense beyond a reasonable doubt. [Cit.] ..."[3]
Testimony given by the victim and by eyewitnesses, together with A.M.'s own statement to police, showed that A.M. and the victim decided to fight one afternoon after school. The victim thought it was going to be a fistfight. A.M., however, told friends that she had a knife and was going to use it to kill the victim. The fight began when the victim approached A.M. from behind and struck her on the side of her face. A.M. then took off her jacket and attacked the victim with a knife. She cut the victim on her face, shoulder, head, neck, and back more than 15 times. After an adult intervened and broke up the fight, A.M. continued to attempt to attack the victim and threatened to kill her. The victim's wounds required 59 stitches and numerous plastic surgeries to repair disfiguring injuries. Injuries inflicted upon A.M. consisted of one cut to her hand.
This evidence authorized a rational trier of fact to conclude beyond a reasonable doubt that in stabbing the victim, A.M. exceeded the bounds of self-defense and had committed aggravated battery.[4]
2. As to A.M.'s contention that she did not possess a weapon within the meaning of OCGA § 16-11-127.1(a)(2), this statute defines "weapon" to include any "straight-edge razor" or "razor blade."
Testimony given by State's witnesses authorized the court to find that the instrument A.M. wielded against the victim was a retractable razor blade encased in the handle of a box cutter. The court was authorized to find that this weapon met the definition set forth in OCGA § 16-11-127.1(a)(2).[5]
3. A.M. was properly sentenced to restrictive custody.
OCGA § 15-11-63 mandates imposition of a sentence of restrictive custody if the offense which the juvenile has committed is a "designated felony act" as defined in subsection (a) and if certain elements set forth in subsection (c) or (d) necessitate such sentence.[6]
Under OCGA § 15-11-63(a)(2)(B)(iv), the carrying or possession of a weapon in violation of OCGA § 16-11-127.1(b) is a designated felony act if done by any child.[7] The evidence established that A.M. committed the designated felony act of carrying a weapon on school property.
In determining whether restrictive custody is required, OCGA § 15-11-63(c) states that the court shall consider:
(1) The needs and best interests of the child; (2) The record and background of the child; (3) The nature and circumstances of the offense, including whether any injury involved was inflicted by the *690 child or another participant; (4) The need for protection of the community; and (5) The age and physical condition of the victim.
Here, the juvenile court determined in its order of disposition that although A.M. does not have a prior record, the community is in need of protection from her behavior and that she requires restrictive custody due to the nature and severity of the offense, along with the fact that she appeared to feel justified in what she had done and showed no remorse for her actions. The court did not abuse its discretion in concluding that A.M. should be placed in restrictive custody.[8]
Judgment affirmed.
SMITH, P.J., and BARNES, J., concur.
NOTES
[1] OCGA § 16-3-21(a).
[2] 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
[3] In the Interest of M.J.F., 191 Ga.App. 792(1), 383 S.E.2d 173 (1989).
[4] See generally Hall v. State, 235 Ga.App. 44-45(1), 508 S.E.2d 703 (1998).
[5] See In the Interest of L.N.M., 222 Ga.App. 589, 474 S.E.2d 762 (1996); compare In the Interest of R.B.W., 269 Ga. 452, 500 S.E.2d 573 (1998).
[6] In the Interest of A.T., 246 Ga.App. 30, 31, 539 S.E.2d 540 (2000).
[7] Compare OCGA § 15-11-63(a)(2)(B)(ii), which makes an aggravated battery a designated felony act "if done by a child 13 or more years of age."
[8] See In the Interest of A.Q.H., 239 Ga.App. 865, 522 S.E.2d 264 (1999).