A02A2436. OWENS v. THE STATE.
(575 SE2d 14)

SMITH, Presiding Judge.

Henry Owens a/k/a Larry Hunt was indicted by a Cobb County grand jury for possession of cocaine with intent to distribute, possession of a firearm with an altered serial number, possession of a firearm during the commission of a crime, possession of a firearm by a convicted felon, and possession of cocaine with intent to distribute within 1,000 feet of a school. Appearing pro se as he did before the trial court, having fired both his trial and appellate counsel, Owens has filed a plethora of pleadings and motions, including two notices of appeal challenging the trial court's denial of his motion to dismiss the indictment and to transfer to federal court. In another notice of appeal, he repeats the previous allegations of error, adding a claim of double jeopardy and the assertion that he was denied a hearing on his motion to suppress. In still another notice of appeal, he appeals from the denial of his motion to dismiss the indictment and the denial of his motion to suppress, and he also requests that his court-appointed counsel be dismissed. Finally, Owens also filed an additional but identical notice of appeal almost a year after the first

notice. Because all but the first three notices of appeal are untimely, OCGA § 5-6-38 (a), we do not consider them. Review of the issues raised by the timely notices of appeal reveals no error, and we affirm.

We note first that the brief filed by Owens does not conform to the rules of this court regarding enumerations of error, structure of briefs, argument, or citation of authorities. This, as we have noted before, is not merely an inconvenience or grounds for refusing to consider a party's contentions. "Such briefs hinder this court in determining the substance and basis of an appellant's contentions both in fact and in law and may well prejudice an appellant's appeal regardless of the amount of leniency shown." *Salazar v. State*, 256 Ga. App. 50 (567 SE2d 706) (2002). The disposition of this appeal, in which we reach the merits of none of Owens's claims because of his inability to follow procedural requirements or frame legal issues, demonstrates all too clearly that Owens should have heeded the trial court's admonition that "you need to hire a lawyer to represent you rather than trying to represent yourself." Despite the difficulties created by this lack of expertise, we will attempt to address the errors asserted by Owens insofar as we can identify them.[1]

1. We first consider denial of the motion to dismiss the indictment. Owens contends that he filed a motion for speedy trial under OCGA § 17-7-170 and that the State failed to bring him to trial within the required time period. But, as the trial court correctly observed, no motion for speedy trial appears in the record of this case, and the State denied having been served with such a motion. While Owens insisted at the hearing that he had indeed filed a motion for speedy trial while he was incarcerated in 1998 on an apparently unrelated parole revocation, he did not produce a copy of such a motion or any record of having served it upon the State as required by OCGA § 17-7-170 (a). In any event, neither the trial court nor this court can consider a purported motion that was never filed or made a part of the record in this case. OCGA § 17-7-170 is strictly construed, *Day v. State*, 187 Ga. App. 175, 176 (2) (369 SE2d 796) (1988), Owens failed to comply with the requirements of the statute, and the trial court did not err in denying his motion to dismiss the indictment. Id.

2. We next consider the trial court's denial of Owens's motion to suppress. Owens was arrested in 1998 and filed a pro se motion to suppress at that time. Owens was indicted on March 9, 2001. On

---

[1] The State has filed a motion to dismiss Owens's appeal, asserting that it was untimely because it was filed on August 14, 2001, while his motion for new trial was dismissed July 10, 2001. The State is mistaken. While Owens's first notice of appeal was filed on August 14, 2001, his motion for new trial was dismissed July 10, *2002*, and is wholly unrelated to the orders appealed from here. The State's motion to dismiss is denied.

March 16, he refiled a copy of his earlier motion to suppress. After Owens was indicted and counsel was appointed for him on February 28, 2001, his counsel filed a waiver of arraignment and not guilty plea as well as several motions on Owens's behalf. These motions, however, did not include a motion to suppress. On July 9, 2001, Owens's counsel withdrew from representation at Owens's request. On July 16, 2001, Owens filed another pro se motion to suppress, essentially identical to that filed in 1998. Once again, he failed to serve the State, his certificate of service noting only that he served the clerk of Cobb County Superior Court and the clerk of the United States District Court.

On August 21, 2001, Owens filed yet another motion to suppress, and on this occasion finally served the assistant district attorney as noted on the certificate of service. It is this motion that the trial court ruled upon. At the pretrial motions hearing, the State objected to Owens's final motion to suppress as untimely. The trial court agreed and dismissed the motion.

> Unless otherwise provided by law or by order of the court, every pleading subsequent to the entry of the initial indictment or accusation upon which the defendant is to be tried; every order not entered in open court; every written motion, unless it is one as to which a hearing ex parte is authorized; and every written notice, demand, and similar paper shall be served upon each party.

OCGA § 17-1-1 (a). A certificate of service is prima facie proof of service. *Ricks v. State*, 249 Ga. App. 80, 83 (2) (546 SE2d 919) (2001). But the certificate of service accompanying the many pro se motions filed by Owens states merely that he has "served the foregoing upon the clerk of superior [sic] by U. S. Mail." No record of service upon the State exists, and the prosecutor denied having received any motion to suppress prior to that filed August 21, 2001. Failure to serve the earlier motions to suppress upon the State and hence give it notice and an opportunity to respond prevents a ruling and would render any resulting order of no effect. *Prater v. State*, 222 Ga. App. 486, 487-488 (474 SE2d 684) (1996).

Owens's final motion to suppress was untimely, and the trial court did not err in dismissing it.

> Uniform Superior Court Rule 31.1 requires that all motions in a criminal case be made and filed at or before time of arraignment, unless time therefor is extended by the judge in writing prior to trial. Motions to suppress must be filed by the time a defendant enters his plea unless there was no

opportunity to do so or a written extension is granted by the court.

(Citations and punctuation omitted.) *State v. Bishop*, 219 Ga. App. 510, 511 (1) (466 SE2d 8) (1995).

3. Owens also appeals the denial of a motion styled "Motion to Transfer to Federal Court Pursuant to Rule 11 Federal Rules Civil Procedure." In this motion, he alleges that he "can not enforce his Federal Rights in the State of Georgia in Cobb County Superior Court," complains that his appointed attorney did not represent him adequately, complains that the trial court refused to appoint him another attorney, and contends that "the courts in Cobb County Georgia have a history of trampling on individuals rights without regard to the Law and the Constitution." A document styled "Argument and Citation of Authority" appears to reargue Owens's earlier motion to suppress, without providing any facts or argument in support of the comprehensive allegations of his motion. Moreover, Owens declined to argue the merits of this motion at the hearing.

Rule 11 of the Federal Rules of Civil Procedure obviously has no application to a criminal case in the courts of Georgia; Owens has misread the requirement of 28 USC § 1446 (a) that any removal pleadings filed with the federal district court comply with the good faith pleadings requirement of Rule 11, FRCP. More importantly, Owens has failed to comply with any of the requirements of 28 USC § 1446 for the removal of a criminal prosecution to the federal district court, particularly the necessity to file in the correct court and the obligation to comply with the timeliness requirement of 28 USC § 1446 (c) (1). The trial court did not err in denying this motion.

4. In Owens's enumeration of errors, he attempts for the first time to raise issues such as the denial of a motion to correct sentence, the dismissal of a habeas corpus petition (that does not appear in this record), and "denying me my witness at trial." He does not, however, elaborate on these issues beyond a single cryptic phrase in his enumeration of errors, and he does not address them in his argument and citation of authority. Owens having provided no record citation, authority, or argument for these claims, they are deemed abandoned in accordance with Court of Appeals Rule 27 (c) (2), (3). See *Glass v. State*, 255 Ga. App. 390, 398 (9) (b) (565 SE2d 500) (2002) (enumeration deemed abandoned when no authority or record citations). Owens has attached voluminous papers such as pleadings, forms, and photocopies of legal authorities to his brief, including what appears to be a five-page form titled "Application for Writ of Habeas Corpus," presumably completed by Owens. But this form displays no filing stamp to show that it has been filed with any court at any time. Moreover, "[a] brief or an attachment thereto cannot be used as a

procedural vehicle for adding evidence to the record. We must take our evidence from the record and not from the brief of either party. Likewise, the purported evidence attached to [Owens's] brief is not considered as it is not a part of the record on appeal." (Citations and punctuation omitted.) *Rivers v. State*, 229 Ga. App. 12, 13 (1) (493 SE2d 2) (1997).

5. Owens's "Request for Arrest Warrant to Issue and a Hearing," in which he seeks the arrest of the court reporter who transcribed a hearing in the trial court, provides nothing for this court to review. "This is a court for correction of errors of law committed by the trial court where proper exception is taken." (Citation and punctuation omitted.) *Boone v. State*, 256 Ga. App. 220, 223 (4) (568 SE2d 91) (2002). Owens's "request" is therefore dismissed.

*Judgment affirmed. Eldridge and Ellington, JJ., concur.*

DECIDED NOVEMBER 6, 2002 —
RECONSIDERATION DENIED DECEMBER 3, 2002 

Henry Owens, *pro se.*
*Patrick H. Head, District Attorney, Jesse D. Evans, Amelia G. Pray, Assistant District Attorneys*, for appellee.