## A07A0468. HAYWARD-EL v. THE STATE.
### (643 SE2d 242)

BLACKBURN, Presiding Judge.

Louis Hayward-El was convicted, following a jury trial, of two counts of criminal reproduction of recorded material.[1] He appeals his conviction, arguing that the trial court erred in (1) denying him a speedy trial; (2) subjecting him to double jeopardy; (3) denying his motion to suppress unlawfully obtained evidence; (4) denying him an opportunity to conduct meaningful voir dire; and (5) admitting similar transaction evidence. For the following reasons, we affirm.

Viewing the evidence in a light most favorable to the verdict, *Davis v. State*,[2] the record shows that on May 22, 2004, a patrolling police officer passed a vehicle driven by Hayward-El and heard rather loud music coming from the vehicle's stereo. Believing that Hayward-El's loud music was violating a city noise ordinance, the officer turned his own vehicle around and initiated a traffic stop. As the officer approached Hayward-El's vehicle, he noticed several cardboard boxes in plain view on the back seat containing numerous digital video recording discs (DVDs) of films. Based on the low quality of the DVDs' packaging, the fact that some of the DVDs were of films still in theatrical release, and the fact that there were duplicate copies of the same films, the officer suspected that the materials had been illegally reproduced (pirated), and consequently placed Hayward-El under arrest. A search of his vehicle following his arrest yielded more DVDs, as well as music compact discs (CDs), which also appeared to have been pirated.

Later that day, after taking Hayward-El into custody, officers contacted his wife and received her consent to search their residence for more pirated materials. Although none were found within the couple's residence, the officers noticed numerous DVDs and CDs in

---

[1] OCGA § 16-8-60 (b), provides in pertinent part:
It is unlawful for any person . . . to sell; distribute; circulate; offer for sale, distribution, or circulation; or possess for the purposes of sale, distribution, or circulation any phonograph record, disc, wire, tape, videotape, film, or other article on which sounds or visual images have been transferred unless such phonograph record, disc, wire, tape, videotape, film, or other article bears the actual name and address of the transferor of the sounds or visual images in a prominent place on its outside face or package.

[2] *Davis v. State*, 275 Ga. App. 714, 715 (1) (621 SE2d 818) (2005).

plain view inside Hayward-El's other vehicle, which was parked in the driveway. A search of the second vehicle uncovered even more pirated DVDs and CDs.

On October 12, 2004, Hayward-El was indicted on one count of violating OCGA § 16-8-60 (a) (1).[3] Based on the State's fear that subsection (a) of this statute might ultimately be found to be pre-empted by federal law, on February 7, 2006, Hayward-El was re-indicted on two counts of violating OCGA § 16-8-60 (b). On March 3, 2006, the trial court entered an order of nolle prosequi as to the 2004 indictment due to the fact that it had now been superseded by the 2006 indictment. At trial, the officers recounted the circumstances surrounding Hayward-El's arrest. In addition, two experts from the Recording Industry Association of America and the Motion Picture Association of America, respectively, confirmed that the CDs and DVDs in Hayward-El's possession were pirated. At the trial's conclusion, the jury found Hayward-El guilty on both counts, and this appeal followed.

1. Hayward-El contends that the trial court erred in denying him a speedy trial. This contention is without merit, however, as no demand for speedy trial, pursuant to OCGA § 17-7-170, appears in the record of this case. See *Bennett v. State*.[4] "[N]either the trial court nor this court can consider a purported motion that was never filed or made a part of the record in this case." *Owens v. State*.[5]

Furthermore, a review of the record also indicates that Hayward-El never made a demand for speedy trial pursuant to his right under the Sixth Amendment of the U. S. Constitution. Accordingly, his claim on appeal that he was denied this right is without merit. *Causey v. State*.[6]

Moreover, Hayward-El's claim that his conviction was barred by the applicable statute of limitation is also without merit. OCGA § 17-3-1 (c) provides in part that "[p]rosecution for felonies other than those specified in subsections (a), (b), and (c.1) of this Code section[7]

---

[3] OCGA § 16-8-60 (a) (1) provides in part:
It is unlawful for any person . . . knowingly to: . . . [t]ransfer or cause to be transferred any sounds or visual images recorded on a phonograph record, disc, wire, tape, videotape, film, or other article on which sounds or visual images are recorded onto any other phonograph record, disc, wire, tape, videotape, film, or article without the consent of the person who owns the master phonograph record, master disc, master tape, master videotape, master film, or other device or article from which the sounds or visual images are derived.

[4] *Bennett v. State*, 244 Ga. App. 149, 150 (1) (534 SE2d 881) (2000).

[5] *Owens v. State*, 258 Ga. App. 647, 648 (1) (575 SE2d 14) (2002).

[6] *Causey v. State*, 192 Ga. App. 294, 295 (1) (384 SE2d 674) (1989).

[7] OCGA § 17-3-1 (a), (b), and (c.1) provide for the limitations on prosecutions for murder, crimes punishable by death or life imprisonment, and offenses in cases where DNA evidence is used to identify the accused, and thus are not applicable here.

must be commenced within four years after the commission of the crime." "[I]n criminal cases, the statute of limitation runs from the time of the crime to the time of the indictment." *Dandy v. State*.[8] Here, Hayward-El was observed committing this crime on May 22, 2004, and the second indictment was issued on February 7, 2006. Thus, the applicable statute of limitation did not bar his conviction.

2. Hayward-El contends that the use of the superseding indictment in this case subjected him to double jeopardy. We disagree.

"An indictment obtained without the dismissal of a prior indictment is a superseding indictment." (Punctuation omitted.) *Larochelle v. State*.[9] "A grand jury is not prevented from returning another indictment against an accused, even though an indictment is pending, where there has been no jeopardy upon the first indictment." *Montgomery v. State*.[10] Importantly, "[a] defendant is not placed in jeopardy until, in a court of competent jurisdiction with a sufficient indictment, he has been arraigned, has pled, and a jury has been impaneled and sworn." (Punctuation omitted.) *Armstrong v. State*.[11]

Here, Hayward-El was first indicted on October 12, 2004 and was later re-indicted on slightly different charges on February 7, 2006. He was not placed in jeopardy, however, until July 12, 2006, which was well after the superseding indictment was returned. Furthermore, the trial court entered an order of nolle prosequi as to the 2004 indictment on March 3, 2006, which was well before he was placed in jeopardy. Because no jeopardy ever attached to the first indictment, the State was not even required to dismiss it before proceeding to trial on the second indictment, but could have nolle prossed the first indictment at any time. See *Montgomery*, supra, 259 Ga. App. at 156 (1). Thus, the superseding indictment in this matter did not subject Hayward-El to double jeopardy.

Hayward-El further contends that he was not provided with a copy of the indictment, police reports, or medical reports. However, this claim is belied by the record and therefore without merit.

3. Hayward-El contends that the trial court erred in denying his motion to suppress unlawfully obtained evidence, arguing that both of his vehicles were unlawfully searched. We disagree. "In considering an appeal from denial of a motion to suppress, this Court construes the evidence in favor of the trial court's ruling, and we review de novo the trial court's application of the law to undisputed

[8] *Dandy v. State*, 253 Ga. App. 407, 408 (559 SE2d 150) (2002).
[9] *Larochelle v. State*, 219 Ga. App. 792, 794 (2) (466 SE2d 672) (1996).
[10] *Montgomery v. State*, 259 Ga. App. 153, 155-156 (1) (575 SE2d 917) (2003).
[11] *Armstrong v. State*, 281 Ga. App. 297, 298 (635 SE2d 880) (2006).

facts." (Punctuation omitted.) *Chapman v. State.*[12] "Absent an abuse of discretion, the trial court's order on a motion to suppress will not be disturbed." *Smith v. State.*[13]

"An officer may conduct a brief investigative stop of a vehicle if such a stop is justified by specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct." (Citation and punctuation omitted.) *Freeman v. State.*[14] See *Terry v. Ohio.*[15] It is thus evident "that the stop of a vehicle is authorized if an officer observes the commission of a traffic offense." *Hines v. State.*[16] See *Whren v. United States.*[17] Here, the officer's traffic stop of Hayward-El's vehicle was justified because he perceived that Hayward-El was violating a local noise ordinance. See *Hines,* supra, 214 Ga. App. at 477-478; *Freeman,* supra, 195 Ga. App. at 358 (1). Contrary to Hayward-El's argument, it is of no consequence to this inquiry whether he was ultimately cited for the noise ordinance violation. See *Hines,* supra, 214 Ga. App. at 478.

Having established that the officer was justified in stopping Hayward-El's vehicle, we next consider whether the officer's subsequent search of the vehicle was proper based on the officer seeing, in plain view, the pirated materials inside. The plain view doctrine applies when the police officer had a prior justification for an intrusion, in the course of which he came inadvertently across a piece of evidence incriminating the accused. *Coolidge v. New Hampshire.*[18] "In Georgia, this principle extends to the observation of evidence in plain view inside automobiles when the officer was lawfully at the place where he observed the incriminating evidence." (Punctuation omitted.) *Crosby v. State.*[19] Furthermore, "[t]he viewing need not be motivated by any articulable suspicion. On the contrary, law enforcement officers simply have the right to look into automobiles, so long as they have a legitimate reason and are looking from a place in which they have a right to be." Id.

At both the hearing on Hayward-El's motion to suppress and at trial, the officer testified that upon approaching Hayward-El's vehicle, he saw in plain view, boxes containing numerous copies of DVDs. Based on the low quality of the DVDs' packaging, the fact that some of the DVDs were of films still in theatrical release, and the fact

---

[12] *Chapman v. State,* 279 Ga. App. 200, 201 (1) (630 SE2d 810) (2006).
[13] *Smith v. State,* 262 Ga. App. 614, 615 (585 SE2d 888) (2003).
[14] *Freeman v. State,* 195 Ga. App. 357, 358 (1) (393 SE2d 496) (1990).
[15] *Terry v. Ohio,* 392 U. S. 1, 27 (III) (88 SC 1868, 20 LE2d 889) (1968).
[16] *Hines v. State,* 214 Ga. App. 476, 477 (448 SE2d 226) (1994).
[17] *Whren v. United States,* 517 U. S. 806, 810 (II) (116 SC 1769, 135 LE2d 89) (1996).
[18] *Coolidge v. New Hampshire,* 403 U. S. 443, 466 (II) (C) (91 SC 2022, 29 LE2d 564) (1971).
[19] *Crosby v. State,* 266 Ga. App. 856, 858 (598 SE2d 507) (2004).

that there were duplicate copies of the same films, the officer had not only a reasonable belief that a crime had been committed but had probable cause to arrest Hayward-El for illegally reproducing recorded materials, to seize the viewed contraband, and to search the vehicle for contraband. See *Mauge v. State*;[20] *Chapman*, supra, 279 Ga. App. at 203 (1); *Crosby*, supra, 266 Ga. App. at 858. Incident to the arrest, the officer was also authorized to search the entire vehicle, including the trunk. See *Richardson v. State*.[21]

The search of Hayward-El's other vehicle, which was parked in the driveway of his home, was also valid. After Hayward-El was arrested, his wife gave the police her consent to search their home. Although no pirated materials were found inside the home, the officers noticed that the vehicle parked in the driveway contained, in plain view, numerous DVDs and music CDs similar in nature to those found in the vehicle Hayward-El was driving at the time of his arrest. His wife also consented to the search of this vehicle, which led to the seizure of additional illegally reproduced DVDs and music CDs.

"Permission to search may be obtained from one who possesses (a) common authority over or (b) other sufficient relationship to the [property] sought to be inspected." (Punctuation omitted.) *State v. West*.[22] See *United States v. Matlock*;[23] *State v. Randolph*.[24] The trial court did not err in denying Hayward-El's motion to suppress unlawfully obtained evidence.

4. Hayward-El appears to contend that the trial court erred in denying him an opportunity to conduct meaningful voir dire. However, he has not supported this contention with either citation to the record or citation to applicable legal authority. Accordingly, we need not consider this enumeration of error. Court of Appeals Rule 25 (c) (2) and (c) (3) (i). See *Hill v. State*;[25] *Harris v. State*.[26] Nevertheless, our review of the record indicates that Hayward-El fully participated in the voir dire of prospective jurors without making any specific objections to the jurors selected.

Moreover, to the extent this enumeration can be construed as an objection to the trial court's exclusion of some of Hayward-El's submitted voir dire questions, we discern no error.

[20] *Mauge v. State*, 279 Ga. App. 36, 38 (630 SE2d 174) (2006).
[21] *Richardson v. State*, 232 Ga. App. 398, 401 (3) (501 SE2d 885) (1998).
[22] *State v. West*, 237 Ga. App. 185 (514 SE2d 257) (1999).
[23] *United States v. Matlock*, 415 U. S. 164, 171-172 (II) (94 SC 988, 39 LE2d 242) (1974).
[24] *State v. Randolph*, 278 Ga. 614 (604 SE2d 835) (2004).
[25] *Hill v. State*, 279 Ga. App. 402, 404 (1) (631 SE2d 446) (2006).
[26] *Harris v. State*, 272 Ga. App. 650, 652 (4) (613 SE2d 170) (2005).

Since the scope of voir dire and the propriety of particular questions are best left to the sound discretion of the trial court, and [Hayward-El] has not set out which excluded questions were erroneously disapproved, we cannot say that the trial court abused its discretion in ruling as it did.

(Citation omitted.) *Hammond v. State.*[27]

5. Hayward-El contends that the trial court erred in admitting similar transaction evidence, thereby depriving him of due process. Specifically, he argues that the admission of his 2005 arrest in Florida for possession of pirated DVDs and CDs impermissibly placed his character at issue. We disagree.

"To admit evidence of independent acts, the State must show an appropriate purpose, sufficient evidence to establish that the accused committed the independent act, and a sufficient connection between the independent act and the crime charged." *Lewis v. State.*[28] "Appropriate purposes include showing motive, plan, scheme, bent of mind, and course of conduct." *Cook v. State.*[29] The trial court's decision to admit similar transaction evidence will not be disturbed absent an abuse of discretion. *Lewis*, supra, 275 Ga. App. at 42 (2).

Prior to trial, the State filed the requisite notice of intent to introduce the similar transaction evidence of Hayward-El's 2005 arrest in Florida for possession of illegally reproduced DVDs and CDs. After a hearing, in which the State argued that the evidence was very similar to the evidence here and was appropriate to show Hayward-El's scheme, bent of mind, and course of conduct, the trial court ruled that the evidence was admissible. At trial, a Florida Highway Patrolman testified that on November 25, 2005, he stopped Hayward-El for speeding. Upon approaching Hayward-El's vehicle, he saw, in plain view, numerous DVDs and CDs, which appeared to be pirated. Consequently, Hayward-El was arrested and charged with possession of illegally reproduced DVDs and CDs.

Hayward-El argues that the similar transaction evidence should not have been admitted because the act that led to this evidence being introduced occurred after the act at issue in this matter. This argument is without merit. There is no requirement that to be admissible the similar act must have occurred prior to the act on which the defendant is being tried. See *Lee v. State*[30] (similar transaction evidence of robbery committed after robberies for which defendant

---

[27] *Hammond v. State*, 273 Ga. 442, 446 (2) (c) (542 SE2d 498) (2001).
[28] *Lewis v. State*, 275 Ga. App. 41, 42 (2) (a) (619 SE2d 699) (2005).
[29] *Cook v. State*, 276 Ga. App. 803, 809 (6) (625 SE2d 83) (2005).
[30] *Lee v. State*, 281 Ga. App. 479, 484 (3) (636 SE2d 547) (2006).

was charged admitted); *Houston v. State*[31] (similar transaction evidence of robbery committed one day after robbery for which defendant was charged admitted). Evidence supports the trial court's findings that the act for which Hayward-El was arrested in Florida was sufficiently similar to the act for which he was charged here and was appropriate for showing scheme and course of conduct. Accordingly, the trial court did not abuse its discretion in admitting the similar transaction into evidence.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED FEBRUARY 16, 2007 —
RECONSIDERATION DENIED MARCH 12, 2007.

Louis C. Hayward-El, *pro se.*
Kelly R. Burke, *District Attorney*, Duncan M. Munn, Timothy M. Marlow, *Assistant District Attorneys*, for appellee.

---

[31] *Houston v. State*, 270 Ga. App. 456, 458 (1) (606 SE2d 883) (2004).