**FOURTH DIVISION**
**DOYLE, P. J.,**
**MERCIER and COOMER, JJ.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 24, 2019**

# In the Court of Appeals of Georgia

A19A0637. THE STATE v. GREEN.

MERCIER, Judge.

On August 22, 2018, the trial court dismissed a 15-count indictment filed against Erkes Antwon Green on statute of limitation grounds. The State appeals, arguing that the charges are not time-barred and that the trial court erred in failing to hold an evidentiary hearing before dismissing the indictment.[1] For reasons that follow, we reverse in part, vacate in part, and remand the case for further proceedings.

On appeal from an order dismissing an indictment, we "must accept the trial court's findings on disputed facts and witness credibility unless those findings are clearly erroneous." *Martinez v. State*, 306 Ga. App. 512, 522 (2) (702 SE2d 747) (2010)

---

[1] Pursuant to OCGA 5-7-1 (a) (1), the State may file a direct appeal "[f]rom [a superior court] order, decision, or judgment . . . dismissing any indictment[.]"

(citation and punctuation omitted). We review the legal issues underlying the trial court's decision de novo. See id.

The record shows that in January 2013, a SunTrust Bank investigator met with a detective from the Atlanta Police Department to report suspected fraud involving a SunTrust bank account. The detective commenced a fraud investigation, which produced evidence of identity theft and led police to an apartment leased by Green. The police executed a search warrant at Green's apartment on February 28, 2013, discovering "a very active identity fraud and theft operation," including "[a] huge amount of well organized evidence of Identity Fraud and other crimes[.]"

The State indicted Green in 2014 on two counts of identity fraud, but those allegations were nolle prossed in 2016 pending "additional investigation[.]" The State re-indicted Green on February 14, 2017, charging him in a 33-count indictment with theft and identity fraud involving multiple victims. As the date for trial approached, however, the State determined that 18 of the 33 counts had been improperly worded. It thus indicted the case a third time on January 30, 2018, dropping the 18 improperly-worded counts and re-alleging the remaining 15 counts. The allegations set forth in the 2018 indictment are identical to the 15 properly-worded counts in the 2017 indictment.

2

Green subsequently decided to plead guilty to the charges in the 2018 indictment. He began to enter his plea on February 5, 2018, but noted during the guilty plea hearing that the trial court had not yet ruled on his motion to dismiss the indictment as time-barred. Green did not contest the State's assertion that if the 2017 indictment was timely filed on February 14, 2017, the 2018 indictment would relate back to that date for statute of limitation purposes. See *State v. Outen*, 296 Ga. 40, 45 (3) (764 SE2d 848) (2014) (subsequent indictment relates back to date of timely, still-pending prior indictment if "the later indictment does not broaden or otherwise substantially amend the original charges"); *Barghi v. State*, 334 Ga. App. 409, 411 (1) (779 SE2d 373) (2015) (where amended accusation alleged the same offense date as the original accusation, involved the same conduct, and made only slight changes to the original accusation's wording, the amended accusation "did not commence a new prosecution, but rather, constituted a continuation of the original prosecution"). He argued, however, that the statute of limitation expired before February 14, 2017, undermining any timeliness claim based on this relation-back date.

The trial court suspended the plea proceedings and ordered the parties to file factual chronologies of the case, including stipulated facts where possible. The parties

3

submitted their chronologies, then appeared at a trial calendar call, where the trial court began to address the statute of limitation issue. At that point, the prosecutor stated:

> [I]f we are in a statute of limitations hearing . . . the State believes that would be an evidentiary hearing and it would need to be set for a date certain so that the State could have witnesses here for the hearing and then the Court would receive evidence on that matter from the witnesses from the witness stand rather than statements from Counsel from both sides.

Noting that the parties had prepared case chronologies, the trial court responded that it "would be able to resolve any issues of fact not stipulated" and that there was "[n]o need for witnesses." The hearing proceeded, focusing on the parties' chronologies and argument of counsel. In support of his motion, Green asserted, and the State did not dispute, that a four-year limitation period applied to the allegations in the 2018 indictment. See OCGA § 17-3-1 (c) (generally, prosecutions for felonies not punishable by death or life imprisonment must commence within four years after the commission of the crime). He further claimed that because three of the eleven victims listed in the 2018 indictment had reported instances of identity theft to police by January 24, 2013, the four-year limitation period for all counts commenced no later

4

than that date and ended prior to February 14, 2017. The trial court agreed and dismissed all counts. .

To properly analyze Green's statute of limitation claim, we must examine the 15 charges contained within the 2018 indictment individually. Dismissal of a multi-count indictment in its entirety as time-barred is proper only if the applicable statute of limitation bars *all* charges. See *Martinez*, supra at 523-524 (2) (reversing convictions on some – but not all – charges in multi-count indictment based on the statute of limitation). Each count must be reviewed independently to determine whether it survives a motion to dismiss on statute of limitation grounds. See id.

1. *Identity Fraud - Counts 1, 5 through 7, and 9 through 15.* Pursuant to OCGA § 16-9-121 (a) (1), a person commits identity fraud when he "willfully and fraudulently . . . [w]ithout authorization or consent, uses or possesses with intent to fraudulently use identifying information concerning a person." This subsection thus identifies two ways to engage in identity fraud: by using another person's identifying information *or* by possessing such information with the intent to fraudulently use it.

Counts 1, 5 through 7, and 9 through 15 focus on the second method for committing the offense – possession of the information. Each count alleges that on February 28, 2013 (the day police executed the search warrant at Green's apartment),

Green possessed with the intent to fraudulently use identifying information belonging to various victims. These counts do not allege any prior fraudulent use of the personal information. Rather, the State contends that Green violated OCGA § 16-9-121 (a) (1) on February 28, 2013, by possessing the victims' identifying information *on that day*. As alleged, such crimes occurred within four years of February 14, 2017, the relation-back date for the 2018 indictment. See *Hayward-El v. State*, 284 Ga. App. 125, 127 (1) (643 SE2d 242) (2007) ("In criminal cases, the statute of limitation runs from the time of the crime to the time of the indictment.") (citation and punctuation omitted). The trial court, therefore, erred in dismissing Counts 1, 5 through 7, and 9 through 15 as time barred. See *Barghi*, supra at 411-412 (1) (statute of limitation did not bar prosecution because amended accusation related back to accusation filed before limitation period expired); *Martinez*, supra at 524 (2) (although certain counts in indictment filed outside of limitation period were untimely, statute of limitation did not bar prosecution for charge that related back to timely-filed indictment).

2. *Theft by Receiving - Count 8*. Count 8 alleges that on February 28, 2013, Green "did unlawfully receive and retain stolen property, a 2010 Mercedes-Benz E550," in violation of OCGA § 16-8-8. By the indictment's clear terms, the State alleged that the crime occurred on February 28, 2013, within four years of the

6

February 14, 2017 relation-back date. Accordingly, this charge was not barred by the statute of limitation, and the trial court erred in dismissing it. See *Barghi*, supra; *Martinez*, supra.

3. *Identity Fraud - Count 2.* In Count 2, the State charged that Green committed identity fraud on November 7, 2012, by using a particular victim's identifying information to purchase items from a furniture store. Without dispute, the incident occurred over four years before February 14, 2017, the relation-back date for the 2018 indictment. Count 2 alleges, however, that the crime was unknown until February 28, 2013, a date within the four-year limitation period.

Pursuant to OCGA § 17-3-2 (2), the limitation period governing a prosecution "does not include any period in which . . . [t]he person committing the crime is unknown or the crime is unknown." The State bears the burden of proving that an otherwise time-barred allegation falls within an exception to the statute of limitation. See *State v. Crowder*, 338 Ga. App. 642, 644-645 (791 SE2d 423) (2016). And when a defendant files a pre-trial motion to dismiss or plea in bar challenging the State's reliance on a tolling provision, the trial court should conduct an evidentiary hearing to

7

resolve the tolling issue.[2] See *Jenkins v. State*, 278 Ga. 598, 604 (1) (B) (604 SE2d 789) (2004).

The 2018 indictment relies on OCGA § 17-3-2 (2) to bring Count 2 within the statute of limitation, and Green challenged this reliance in his motion to dismiss. The trial court heard argument from the parties at a hearing held on Green's motion. But it declined the State's request for a full evidentiary hearing with witness testimony, leaving the record silent as to when the crime alleged in Count 2 – fraudulent use of the victim's identifying information to purchase items at the furniture store on November 7, 2012 – became known.

We recognize that "the knowledge of the victim . . . is imputed to the State" for statute of limitation purposes, *Crowder*, supra, and the parties stipulated that the victim in Count 2 knew by January 2013 that someone had used his identifying information to open several credit card accounts and file a fraudulent tax return. No evidence, however, reveals when the victim or authorities first learned of the identity fraud

---

[2] As explained by our Supreme Court: "If a defendant prevails on a pretrial plea in bar on the statute of limitations, the charge should be dismissed; if the State prevails on this issue before trial, the defendant may still require the State to prove at trial that the charge is not barred by the statute of limitations." *Jenkins*, infra (footnotes omitted).

associated with the furniture store purchases. Accordingly, because the trial court did not give the State an opportunity to present evidence, we vacate the order dismissing Count 2 and remand the case with instruction that the trial court hold an evidentiary hearing on this issue. See *Moore v. State*, 294 Ga. App. 570, 576-577 (2) (669 SE2d 498) (2008) (vacating order and remanding case for evidentiary hearing where trial court did not permit the State to present evidence on defendant's special demurrer).

4. *Computer Theft and Theft by Taking - Counts 3 and 4.* Counts 3 and 4 also relate to the November 7, 2012 incident involving the furniture store. Count 3 alleges that Green committed computer theft by unlawfully using "a computer and a computer network, with the knowledge that such use was without authority and with the intention of taking and appropriating the property of another, the furniture store, with the intention of depriving the owner of possession of said property[.]" Count 4 alleges that Green committed theft by taking by unlawfully taking "the property of [the furniture store], with the intention of depriving said owner of said property[.]" Both counts specify that the crimes occurred on November 7, 2012, but were unknown until February 28, 2013.

Once again, the record contains no evidence regarding when the victim (the furniture store) or authorities knew about these crimes, and the trial court did not give

9

the State an opportunity to present witness testimony or other evidence on the issue. We thus vacate the order dismissing Counts 3 and 4 and remand the case for an evidentiary hearing on Green's claim that the statute of limitation barred prosecution of these counts.

*Judgment as to Counts 1 and 5 through 15 reversed. Judgment as to Counts 2 through 4 vacated, and case remanded with direction. Doyle, P. J., and Coomer, J., concur.*